Judge Rowan
delivered the opinion of the court.
This was an inquisition of forcible entry and detainer. The finding of the jury was in favor of Logan, who was defendant in the warrant. Smith traversed the inquisition: issue was taken by Logan upon the traverse, and trial had thereon. The jury found for Smith, that the inquisition was untrue, and that Logan was guilty of the forcible entry and detainer complained of; whereupon the court pronounced judgment of restitution; and thereupon the counsel of Logan filed for errors in arrest of judgment, 1st, That the record and papers in the case exhibited no warrant of forcible entry and detainer. 2d. There is no charge of force against the said Logan.
The court, upon the motion of Smith, awarded a writ of *53 certiorari to the magistrate, commanding him forthwith to bring into court the writ of forcible entry and detainer. In answer to which the magistrate came into court and made oath that he had returned the original writ to the clerk’s office, upon the traverse being taken. He produced also a copy of the warrant, to the truth of which he swore, stating on oath that he had made it out from the act of assembly, by transcribing verbatim the form there given, from which he had in the same way made out the original.
After an inques on a warrant of forcible entry and detainer, if the warrant is lost, it is no cause of arrest of judgment;—the warrant may be supplied by a transcript from the statute book.
The magistrate trying the warrant may, on a traverse, either return the warrant or a copy.
The court permitted the copy to be filed in substitution of the original, which was lost. To which Logan, by his counsel, excepted. The court overruled the errors in arrest of judgment. Logan appealed.
How far the warrant had performed its function, when the traverse was taken, and issue joined, and verdict and judgment had thereon, need not in this case be determined. That it bad issued is manifest; its existence is recognized in the traverse, and in the replication of the traversee thereto. It is moreover proved to have existed, and to have been returned to the clerk’s office by the magistrate who issued it, and who conducted the trial in the country under it. The copy furnished by the magistrate was in every respect equal to the original. The act of assembly which regulates this description of case, leaves it optional with the magistrate to return the original or a fair transcript. The proof that the copy furnished and filed, was correct, is the best of which the nature of the case admitted: it is indeed entirely satisfactory. The magistrate need only have certified that it was a true copy. But he swore that he made out the original by a verbatim transcription of the form furnished by the legislature in the act of assembly aforesaid, and that he made out the copy in the same way. Things which are equal to one and the same thing, are equal to one another: so then the copy furnished differed from the one lost only in date. They were both copies from the form in the act aforesaid. But the loss of an original writ after appearance, issue, verdict and judgment, would not, according to our present impressions, be good cause to vacate the judgment. It would, not having been excepted to, be presumed to have existed, to have been lost, and to have been in legal form: or if its presence were thought necessary, it might, under the authority of the case of Douglass vs Gallap in 2d Burrow, 722 be supplied by the clerk under the direction of the court. In that case, the court per *54 mitted the record of a judgment which had been lost, to be made out 29 years after it had been given.
Wickliffe for appellant, Hardin for appellee.
Judgment must be affirmed with costs.